IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARC E. OLIVER, d/b/a GULF COAST ENVIRONMENTAL AND RECOVERY, And T.M. JEMISON CONSTRUCTION CO. INC. d/b/a JEMISON MARINE, INC., Plaintiffs, | : : : : | |
| MIDSOUTH BANK, N.A., Plaintiff/Counter-Defendant | : | CA 11-0223-KD-C IN ADMIRALTY *In Personam and In Rem* |
| vs. | : | |
| M/V BARBARY COAST, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, and RODD CAIRNS, an individual, and ATCHAFALYA MARINE, LLC, *In personam*, Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | : : : | |
| vs. | : | |
| EAGLE RIVER TOWING, L.L.C., p/k/a/or a/k/a EAGLE INLAND TOWING, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LOUISIANA LIMESTONE & LOGISTICS, L.L.C., and CURTIS BUFORD, Third-Party Defendants. | : : : | |

## REPORT AND RECOMMENDATION

On July 14, 2011, Plaintiffs Mark Oliver and T.M. Jemison Construction Co. filed a motion to strike/dismiss Midsouth's answer and counterclaim (Doc. 47). The next day, Defendant Rodd Cairns filed a separate motion "to dismiss the Counterclaim and Cross-Claim contained in the Answer filed by Midsouth" (Doc. 48). Midsouth filed responses to both (Docs. 65 & 66, respectively) and a "First Amended Counterclaim and Cross-Claim" (Doc. 64) on August 1, 2011, and, on August 8, 2011, Oliver filed a reply

(Doc. 74). This matter is now before the Court for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

It is **RECOMMENDED** that Plaintiffs' motion (Doc. 47) be **GRANTED IN PART** and **DENIED IN PART AS MOOT** and that Defendant Cairns' Motion (Doc. 48) be **DENIED AS MOOT**. It is further **RECOMMENDED** that Midsouth's "Answer, Counterclaim and Cross-Claim" (Doc. 33) be **STRICKEN**.

Discussion

**Motions to Dismiss.** In its responses to the motions, Midsouth asserts that its filing of an amended counterclaim against Oliver and Jemison and cross-claim against Cairns (Doc. 64) moots their motions to dismiss the initial counterclaim and cross-claim. (*See* Doc. 65 at 1; Doc. 66 at 1.) No doubt, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Kaloe Shipping Co. Ltd. v. Goltens Serv. Co., Inc.*, 315 Fed. App'x 877, 879 (11th Cir. 2009) (per cuiam) (quoting *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)). And—as Midsouth identified—this Court has held that, if a plaintiff amends his or her complaint, a motion to dismiss the initial complaint should be "denied without prejudice as moot because it is directed to the original complaint which no longer is the operative pleading before the court." *Turquoise Props. Gulf, Inc. v. IberiaBank*, Civil Action No. 09-0272-KD-N, 2009 WL 2413058, at *1 & n.3 (S.D. Ala. Aug. 3, 2009) (citing, *inter alia*, *Kaloe Shipping*, 315 Fed. App'x at 879).

2

This is also true for motions to dismiss counterclaims and cross-claims. *See, e.g., Assurant, Inc. v. Medassurant, Inc.*, No. 3:08-cv-569, 2009 WL 1794250, at *1-2 (W.D.N.C. June 22, 2009) (order adopting magistrate judge's recommendation that "because the Defendant has filed an Amended Counterclaim which supersedes the initial Counterclaim, the undersigned respectfully recommends that the Defendant's Motion to Dismiss . . . be denied as moot."); *Irwin Fin. Corp. v. E.M.P.P., Inc.*, No. CV-08-631-PHX-DGC, 2008 WL 4186163, at *1 (D. Ariz. Sep. 9, 2008) ("In light of the amended counterclaim, the Court will deny the motion to dismiss the original counterclaim and the alternative motion for a more definite statement as moot."); *IHC Health Sys., Inc. v. LaBarge Trucking Co., Inc.*, No. 2:05 CV 00344 DS, 2005 WL 2287165, at *1 (D. Utah Sep. 16, 2005) ("Because LaBarge has filed an Amended Cross-Claim which appears to address the issues raised by American in its initial Motion to Dismiss, that Motion appears to be moot and is denied as such.").[1]

**Motion to Strike.** While Midsouth has filed a "First Amended Counterclaim and Cross-Claim" (Doc. 64), that document does not address Midsouth's "answer" to the original complaint filed by Plaintiffs Oliver and Jemison, *compare* Doc. 64, *with* Doc. 33;

---

[1] *See also* Doc. 74, Plaintiff Oliver's reply, at 1 ("Although Plaintiff generally agrees with Midsouth's contention that their Amended Complaint [sic] renders the majority of Plaintiff's previous motion to Strike/Dismiss moot, out of an abundance of caution, Plaintiff hereby replies to the portion of the response filed by Midsouth related to Midsouth's "Answer" (which is not affected by the Amendment)[.]").

3

*see supra* note 1, and as such, the undersigned will address whether the "answer" and affirmative defenses asserted in Doc. 33, *see id.* at 1-5, should be stricken.

Although Midsouth insists that Supplemental Admiralty Rule C(6)(a)(iv) "required [it] to answer Plaintiffs' complaint to assert its ship mortgage lien against the vessel and defend same against the complaint filed herein" (Doc. 65 at 2), the answer filed by Midsouth (Doc. 33) on June 24, 2011 is untimely under the same rule—which provides that "a person who asserts a right of possession or any ownership interest must serve an answer **within 21 days** after filing the statement of interest or right." FED. R. CIV. P. SUPP. R. C(6)(a)(iv) (emphasis added). In this case, process was executed and the vessel arrested by the United States Marshal on May 13, 2011. (*See* Doc. 12, Warrant of Arrest; Doc. 19, Process Receipt & Return, at 2.) Thus, Midsouth's Verified Claim of Vessel (Doc. 20), filed on May 27, 2011, was timely under Supplemental Admiralty Rule C(6)(a)(i)(A) ("[A] person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest [ ] within 14 days after the execution of process."). But the answer required by Supplemental Admiralty Rule C(6)(a)(iv) was due no later than June 17, 2011. *See, e.g., Amegy Bank Nat'l Ass'n v. MISS CONY*, No. CV 06-00405 SOM-KSC, 2007 WL 1933138, at *3 (D. Haw. June 29, 2007) ("Under Supplemental Rule C(6)(a)(i), any and all statements of right/interest must be filed within [14] days after the execution of process or within the time the court allows. FED. R. CIV. P. SUPP. R. C(6)(a)(i). The party asserting a right/interest must then file an answer within [twenty one] days after filing its statement

of right/interest. FED. R. CIV. P. SUPP. R. C(6)(a)(iv).") (original modified to reflect amendments to the Rules effective Dec. 1, 2009).[2]

Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiffs' motion (Doc. 47) be **GRANTED IN PART** and **DENIED IN PART AS MOOT**. Midsouth's "Answer, Counterclaim and Cross-Claim" (Doc. 33), accordingly, should be **STRICKEN** from the record. Also for the reasons stated above, the undersigned

---

[2] The decision to strike Midsouth's answer as untimely has no bearing on whether Midsouth has properly put its ownership interest in the vessel before this Court. The undersigned notes, at the outset, that "[a]dmiralty procedure is generally to be liberally construed to enable creditors to assert their claims against a libeled vessel." *Bank of New Orleans & Trust Co. v. Marine Credit Corp.*, 583 F.2d 1063, 1068 (8th Cir. 1978) (citing *The Charles D. Leffler*, 100 F.2d 759, 760 (3d Cir. 1938)). And Midsouth's timely verified complaint in intervention (Doc. 5)—"pursuant to Local Admiralty Rule 6 and Supplemental Admiralty Rules B and C of the Federal Rules of Civil Procedure" (*id.* at 1; *see also id.* at 5 ("The amounts due to Midsouth constitute a preferred mortgage lien [on the vessel], pursuant to 46 U.S.C. § 31325(b)(1), and Rule C of the Supplementary Rules for Admiralty [sic] on maritime claims[.]"))—filed before the Court's order for writ of arrest (Doc. 7) provides the necessary notice of its asserted ownership interest. *See Bank of New Orleans*, 582 F.2d at 1068 & n.8 (noting that "it was incumbent on Marine, if it desired the return of specific property, to put its ownership clearly in issue before foreclosure and sale by filing its claim in accordance with Rule C(6) . . . , followed by an answer to the Bank's complaint **or by timely filing a proper motion to intervene**," and noting that "Marine's motion to intervene was not [proper because it was not] accompanied by a pleading **setting forth its claim** as required by Rule 24(b)[, and t]hough its [later asserted] motion to reclaim might well have been viewed as such a pleading, that motion was **not [timely] filed**") (emphasis added and citations omitted); *cf. Smith v. The Abandoned Vessel*, 610 F. Supp. 2d 739, 752-53 (S.D. Tex. 2009) (finding that an intervenor need not file a verified claim pursuant to the Supplemental Admiralty Rules where, among other things, no warrant for arrest of the vessel had been issued).

5

further **RECOMMENDS** that Defendant Cairns' motion (Doc. 48) also be **DENIED AS MOOT**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 26th day of August, 2011.

s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).