**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARC E. OLIVER, d/b/a GULF COAST | : | |
| ENVIRONMENTAL AND RECOVERY, | | |
| And T.M. JEMISON CONSTRUCTION | : | |
| CO. INC. d/b/a JEMISON MARINE, INC., | | |
| Plaintiffs, | : | CA 11-0223-KD-C |
| | | |
| MIDSOUTH BANK, N.A., | | IN ADMIRALTY |
| Plaintiff/Counter-Defendant | : | *In Personam and In Rem* |
| | | |
| vs. | : | |
| | | |
| M/V BARBARY COAST, her engines, | | |
| tackle, furniture, and appurtenances, etc., | : | |
| *In Rem*, and RODD CAIRNS, an | | |
| individual, and ATCHAFALAYA MARINE,: | | |
| LLC, *In personam*, | | |
| Defendants/Counter-Plaintiffs/ | | |
| Third-Party Plaintiffs, | : | |
| | | |
| vs. | : | |
| | | |
| EAGLE RIVER TOWING, L.L.C., p/k/a or | | |
| a/k/a EAGLE INLAND TOWING, | : | |
| NATIONAL UNION FIRE INSURANCE | | |
| COMPANY OF PITTSBURGH, PA, | : | |
| LOUISIANA LIMESTONE & LOGISTICS, | | |
| L.L.C., and CURTIS BUFORD, | | |
| Third-Party Defendants. | : | |

**ORDER**

This matter is before the Court on Substitute Custodian Southern Marine's "Motion to Disburse Custodial Fees" (Doc. 121) and Intervenor-Plaintiff Midsouth Bank, N.A.'s Objection thereto (Doc. 137).

In its motion, Southern Marine seeks recovery of the following custodial fees: 1) **$340.00** for the installation of a high water bilge alarm; 2) **$1,055.00** for the removal of excessive water/oil

mixture in the bilge; 3) **$32,500.00** for boom rental; 4) **$32,500.00** for storage warfage; and 5) **$265.00** for the costs to list the US Marshal as an additional insured on the insurance policy.

Southern Marine's request for payment for the high water bilge alarm and removal of excessive water/oil mixture were previously approved by U.S. Magistrate Judge Cassady, and Midsouth has no objection to same; thus, these expenses appear to be recoverable. Additionally, Midsouth has not objected to the costs for Southern Marine to list the U.S. Marshal as an additional insured and thus, that expense appears to be unopposed and recoverable. Moreover, in its Objection, Midsouth contends that Southern Marine "should have to account" for "unresolved claims" consisting of two (2) broken antennas on the vessel and the difference in the amounts of diesel fuel on the vessel. (Doc. 137 at 8-9). Midsouth has not established any entitlement, as purchaser of the vessel, to an accounting for such "unresolved claims." As such, to the extent Midsouth seeks these claims as *in custodia legis* expenses, they do not appear to be recoverable.

Further, Southern Marine has provided no explanation for the expenses associated with the boom rental or storage warfage. Midsouth objects to same, claiming that these expenses are excessive, lack merit, and have been requested in an untimely manner. The record reveals as well, that U.S. Magistrate Judge Cassady did not previously approve these expenses. Southern Marine bears the burden of establishing that the expenses were "reasonably incurred" during *custodia legis* and "necessary to preserve the value of the *res*" (*i.e.*, for the common benefit of those interested in the fund administered by the Court such that they should be paid from the fund as an "expense of justice") -- particularly given that it did not previously obtain authorization from the Court. See, e.g., Adams Offshore, Ltd. v. Con-Dive, LLC, Slip Copy, 2011 WL 1882640, *6 (S.D. Al. May 17, 2011); Standard Fed. Bank, N.A. v. M/Y PLEASURES, 2003 WL 22722077 ,

*4-5 (S.D. Fla. Jul. 24, 2003); <u>Oil Shipping (Bunkering) B.V. v. Sonmez Denizcilik</u>, 10 F.3d 176, 182-183 (3rd Cir. 1993); <u>Bender Welding & Machine Co., Inc. v. M/V SOVEREIGN OPAL</u>, 415 F. Supp. 772, 773 (S.D. Ala. 1976).

Accordingly, upon consideration of the foregoing and the specific issues raised in Midsouth's Objection, it is **ORDERED** that Substitute Custodian Southern Marine shall, on or before **November 28, 2011,** file a Supplement to its motion (Doc. 137) explaining the basis for the requested boom and storage warfage expenses, their "necessary" nature, and how such expenses were "reasonably incurred" (including attaching as exhibits any/all documentation in support of its claim). No further briefing shall be permitted.

The Court will take Southern Marine's Motion for Disbursement of Custodial Fees, as Supplemented, under submission on **November 29, 2011,** after which time an Order formally ruling on the requested fees shall issue.

**DONE** and **ORDERED** this the **18th** day of **November 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**