IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARC E. OLIVER, d/b/a GULF COAST ENVIRONMENTAL AND RECOVERY, And T.M. JEMISON CONSTRUCTION CO. INC. d/b/a JEMISON MARINE, INC.,     Plaintiffs, | : : : : |
| | CA 11-0223-KD-C |
| MIDSOUTH BANK, N.A.,     Plaintiff/Counter-Defendant | IN ADMIRALTY |
| | : *In Personam and In Rem* |
| vs. | : |
| M/V BARBARY COAST, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, and RODD CAIRNS, an individual, and ATCHAFALAYA MARINE, LLC, *In personam*,     Defendants/Counter-Plaintiffs/     Third-Party Plaintiffs, | : : : : |
| vs. | : |
| EAGLE RIVER TOWING, L.L.C., p/k/a or a/k/a EAGLE INLAND TOWING, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LOUISIANA LIMESTONE & LOGISTICS, L.L.C., and CURTIS BUFORD,     Third-Party Defendants. | : : : |

**ORDER**

      This matter is before the Court on Intervenor Plaintiff Midsouth Bank, N.A.'s Renewed Motion to Strike Jury Demand of Defendants/Third-Party Plaintiffs Atchafalaya Marine, LLC and Rodd Cairns (Doc. 69), Atchafalaya/Cairns' response (Doc. 84) and Midsouth's Reply (Doc. 92).

**I.    Background**

1

This is an *in rem* and *in personam* admiralty action initiated in May 2011 by Plaintiffs Marc E. Oliver (d/b/a Gulf Coast Environmental and Recovery) and T.M. Jemison Construction Co. (d/b/a Jemison Marine, Inc.) against Atchafalaya Marine, LLC and Rodd Cairns, due to a dispute regarding a salvage contract for the vessel M/V BARBARY COAST.  (Doc. 1).  Plaintiffs' Verified Complaint does not include a jury demand and designated this case as an admiralty claim under Rule 9(h): "…[t]his is a case of admiralty, maritime jurisdiction as herein [sic] more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h)."   (Doc. 1 at 5 at ¶XVI).   Shortly thereafter, Intervenor Plaintiff Midsouth filed a Verified Complaint in Intervention pursuant to the Supplemental Admiralty Rules and the Local Admiralty Rule, asserting a preferred ship mortgage claim and claim for the debt owed by defendants Atchafalaya (the vessel owner) and Cairns pursuant to the terms of related promissory notes.   (Doc. 5).   Like Plaintiffs, Midsouth made a Rule 9(h) election: "[t]his is an admiralty and maritime action within the meaning of Rule 9(h)…"    (<u>Id</u>. at 1 at ¶1).

On May 27, 2011, Atchafalaya/Cairns answered Midsouth's Intervenor Complaint and asserted counterclaims under Rule 9(h) ("[t]his Court retains jurisdiction over the following claims pursuant to…9(h)[]"), yet simultaneously demanded a jury trial.   (Doc. 21 at 3, 9).

On June 10, 2011, Atchafalaya/Cairns filed a Third-Party Complaint against Eagle Inland Towing, LLC, Eagle River Towing, LLC, and National Union Fire Insurance Company of Pittsburg, P.A.; in so doing, Atchafalaya/Cairns asserted jurisdiction under Rule 9(h) as well as on the basis of diversity and demanded a jury trial.  (Doc. 28).   On July 5, 2011, Atchafalaya/Cairns filed a First Amended Third-Party Complaint against the same entities; in so doing, Atchafalaya/Cairns asserted jurisdiction under Rule 9(h) for Counts I-IV and on the basis

2

of diversity for Counts V-VIII and demanded a jury trial.  (Doc. 35).  On July 28, 2011, Atchafalaya/Cairns filed a Second Amended Third-Party Complaint against these same entities <u>and</u> against Curtis Buford and Louisiana Limestone; in so doing, Atchafalaya/Cairns asserted jurisdiction under Rule 9(h) for Counts I-IV and Counts IX and X and on the basis of diversity for Counts V-VIII, and demanded a jury trial.[1]   (Doc. 60).

Presently before the Court -- and at issue in Midsouth's motion -- are the jury demands contained within Atchafalaya/Cairns' Answer/Counterclaim (Doc. 21) and <u>*Second*</u> Amended Third-Party Complaint (Doc. 60).

**II.   Discussion**

Jurisdiction in this case was originally founded on admiralty.   (Doc. 1).   There is no right to trial by jury in admiralty.   <u>See</u>, <u>e.g.</u>, <u>Beiswenger Enterprises Corp. v. Carletta</u>, 86 F.3d 1032, 1037 (11th Cir. 1996). Under Fed.R. Civ. P. Rule 38(e), the rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h). The savings to suitors clause of 28 U.S.C. § 1333, however, protects "the right of a common law remedy where the common law is competent to give it." *Lewis v. Lewis & Clark Marine, Inc*., 531 U.S. 438, 443 (2001) (internal citation omitted). As such, if a case sounding in both admiralty and common law arises from a single incident in which *in personam* jurisdiction is alleged, the plaintiff can choose between filing the complaint in state court based on *in personam* jurisdiction, in federal court based on the applicable jurisdiction, or in federal court pursuant to Rule 9(h) of the <u>Federal Rules of Civil Procedure</u>.

---

[1] On December 20, 2011, Atchafalaya/Cairns filed a Third Amended Third-Party Complaint against Point Clear Insurance only; in so doing, Atchafalaya/Cairns state that they "reincorporate and reassert all allegations and defenses as set forth in prior pleadings[,]" assert jurisdiction on the basis of diversity, add Counts XII-XIV as to Point Clear Insurance, and demand a jury trial.   (Doc. 163).   This complaint has been stricken for failure to seek leave to file as required.   (Doc. 179).

Even so, even when an alternative basis for jurisdiction exists – such as alleged by Atchafalaya/Cairns -- a defendant or third-party defendant cannot affect a plaintiff's right to proceed in a non-jury action (*i.e.*, a plaintiff's specific Rule 9(h) election cannot be undone by a defendant filing a counterclaim or third-party complaint). See, e.g., Harrison v. Flota Mercante Grancolombiana, S.A., 577 F.2d 968, 987 (5th Cir. 1978)[2] (providing that "we refuse to permit a third-party defendant to emasculate the election given to the plaintiff by Rule 9(h) by exercising the simple expedient of bringing in a fourth-party defendant[]"). See also, e.g., St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1187-1189 (11th Cir. 2009) (finding when a plaintiff specifically files claim in admiralty pursuant to Rule 9(h), a counterclaiming defendant is similarly unable to demand a jury trial under diversity jurisdiction arising from the same incident); New Hampshire Ins. Co. v. Wiregrass Const. Co., Slip Copy, 2010 WL 3339019, *1 (S.D. Ala. Aug. 23, 2010) and Sanchez v. Loyd W. Richardson Const. Corp., 56 F.R.D. 472 (S.D. Tex. 1972) (finding that a third-party defendant did not have a right to a jury trial when the defendant was tendered under Rule 14(c) and the Plaintiff plead Rule 9(h) – *i.e.*, when a third or fourth-party complaint is based on the same facts as those which established jurisdiction of the case (such as Rule 9(h) by a plaintiff), that admiralty election governs). Atchafalaya/Cairns' Second Third-Party Complaint is intimately related to the facts which gave rise to the first complaint. In fact, Atchafalaya and Cairns specifically allege that the because of the actions of the third-party defendants Eagle (grounding the vessel) and National (failing to adjust the loss), Atchafalaya and Cairns were forced to contract a salvor to whom fees are owed and were rendered unable to pay the mortgage payments. (Doc. 60, pp 6-7).

---

[2] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981.

In support of their demand for a jury trial, Atchafalaya/Cairns rely on <u>Luera v. M/V ALBERTA</u>, 635 F.3d 181, 190 (5th Cir. 2011), which upheld the lower court's decision to try all claims before a jury (*in rem* claims based on admiralty and *in personam* claims based on diversity) when the plaintiff had demanded a jury trial as to his in personam claims.  <u>Luera</u> is clearly distinguishable and not applicable to the issue at hand.  In that case it was the plaintiff who demanded a jury trial, although also alleging 9(h) claims in the same complaint.  Here neither Plaintiff nor Midsouth have demanded a jury trial.

Further, as noted *supra*, the Eleventh Circuit affords great deference to a plaintiff's election to proceed under Rule 9(h).  Indeed, when a plaintiff has a claim that could be brought in either admiralty or diversity, plaintiff has the choice of which to deem the action and that choice governs whether the action will be tried to a jury.  Here, there is no dispute that Plaintiffs and the Intervenor Plaintiff Midsouth specifically chose Rule 9(h) admiralty jurisdiction.

The Eleventh Circuit explained in <u>St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.</u>, 561 F.3d 1181, 1187-1189 (11th Cir. 2009) (citing and discussing <u>Harrison</u>) (emphasis added):

> ….This Court concluded [in <u>Harrison</u>] that the district court did not err in denying the shipper's demand for a jury trial….We explained that, **in such dual jurisdiction cases, the plaintiff may elect to proceed in admiralty under Rule 9(h), rather than under diversity jurisdiction, and thereby preclude a defendant from exercising his right to trial by jury.** [ ] We noted that the Advisory Committee's Notes to Rule 9(h) support this conclusion[:]
>
>> ….the preferable solution is to allow the pleader who now has power to determine procedural consequences by filing a suit in admiralty to exercise that power under unification, for the limited instances in which procedural differences will remain, by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim."
>
> * * *
>
> **This Court stated in *Harrison* that, in admiralty cases, "by electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may**

5

**otherwise exist."** *Id*. at 986…

Such is the case before the Court; the Plaintiffs have precluded Atchafalaya and Cairns from effectively demanding a jury trial.

Finally, Atchafalaya/Cairns contend that Midsouth lacks standing to move to strike its jury demand. However, Midsouth is an Intervenor Plaintiff and as such, has standing to so move. As to Midsouth's standing to strike the jury demand asserted in Atchafalaya/Cairns' answer and counterclaim, Midsouth is the plaintiff in that regard. Thus, Midsouth's election of Rule 9(h) governs. With regard to Midsouth's standing to strike the jury demand in Atchafalaya/Cairns' Second Third-Party Complaint, *Fed.R.Civ.P.* 14 governs third-party practice and provides in relevant part in Rule 14(a)(4), that "[a]ny party may move to strike the third-party claim[.]" FED.R.CIV. P Rule 14(a)(4).

In sum, in light of the specific Rule 9(h) designations made by Plaintiffs and Intervenor Plaintiff Midsouth, Atchafalaya/Cairns are not entitled to a jury trial. Accordingly, it is **ORDERED** that Midsouth's renewed motion to strike the jury demand in Atchafalaya/Cairns' Answer/Counterclaim and Second Amended Third-Party Complaint (Doc. 69) is **GRANTED.**

**DONE** and **ORDERED** this the **6th** day of **March 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**