**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARC E. OLIVER, d/b/a GULF COAST ENVIRONMENTAL AND RECOVERY, and T.M. JEMISON CONSTRUCTION CO. INC. d/b/a JEMISON MARINE, INC., | | |
| Plaintiffs, | : | CA 11-223-KD-C |
| MIDSOUTH BANK, N.A., | | IN ADMIRALTY |
| Plaintiff/Counter-Defendant | : | *In Personam and In Rem* |
| v. | : | |
| M/V BARBARY COAST, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, and RODD CAIRNS, an individual, and ATCHAFALYA MARINE, LLC, *In personam*, | | |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | : | |
| v. | : | |
| EAGLE RIVER TOWING, L.L.C., p/k/a/or a/k/a EAGLE INLAND TOWING, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LOUISIANA LIMESTONE & LOGISTICS, L.L.C., CURTIS BUFORD, and POINT CLEAR INSURANCE SERVICES, INC., | | |
| Third-Party Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on two

motions filed by Third-Party Defendant Point Clear Insurance Services, Inc.: a motion to

dismiss the third amended third-party complaint for lack of subject-matter jurisdiction

(Doc. 216) (the "12(b)(1) motion") and a motion to dismiss the third amended third-party

complaint for failure to state a claim and because the claims are barred by applicable

statutes of limitation (Doc. 217) (the "12(b)(6) motion"); Atchafalaya Marine and Rodd

Cairns' response to the 12(b)(1) motion and motion for leave to amend pursuant to 28

U.S.C. § 1653 (Doc. 219); Atchafalaya and Cairns' response to the 12(b)(6) motion (Doc.

225); and Point Clear's replies (Docs. 231 and 232).   The undersigned held a hearing on

June 12, 2012, at which counsel for all parties presented argument.[1]

After consideration of the 12(b)(6) motion, the filings in support of and in

opposition thereto, and the arguments of the parties at the hearing on June 12,

2012—and for the reasons set forth below—it is the undersigned's

**RECOMMENDATION** that the motion be **GRANTED**, and that the claims against

Point Clear be **DISMISSED WITH PREJUDICE**.[2]

---

[1]      During the June 12, 2012 Hearing, counsel for Atchafalaya and Cairns represented on the record that Third-Party Defendant Eagle River Towing, L.L.C., named as a party in the initial third-party complaint (Doc. 28), filed June 10, 2011, was never served with summons and the complaint and that, moreover, the third-party plaintiffs do not intend to serve it.   This deficiency implicates Rule 4(m), which provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*   Thus, based on Atchafalaya and Cairns representations, the undersigned **RECOMMENDS** that the claims against Eagle River Towing, L.L.C. be **DISMISSED WITHOUT PREJUDICE**.

[2]      While Point Clear presented no objection to Atchafalaya and Cairns' request to amend the currently operative third-party complaint to correct deficiencies in the complaint's jurisdictional allegations (*see* Doc. 232)—and amendment would otherwise be proper since the defects that are the basis of the 12(b)(1) motion are simple failures to allege diversity jurisdiction properly (*see generally* Doc. 219)—because the undersigned recommends that the 12(b)(6) motion be granted in full and the claims against Point Clear be dismissed, the undersigned also **RECOMMENDS** that the 12(b)(1) motion (Doc. 216) be **DENIED AS MOOT** and **FURTHER**

I.      **Applicable Background**

Accepting the factual allegations in the operative third-party complaint (Doc. 206) as true—as we must for purposes of Rule 12(b)(6) dismissal—the following is a succinct summary of Atchafalaya and Cairns' claims as they relate to Point Clear:

- Atchafalaya and Cairns have coverage under a policy concerning the M/V BARBARY COAST issued by National Union.   (*Id.*, ¶¶ 7, 9-13.)

- Although Point Clear is identified as the Broker of Record on this policy, Point Clear is also National Union's agent "for purposes of accepting and processing applications for insurance, issuing certificates of insurance and accepting and transmitting notices of loss to National Union."   (*Id.*, ¶¶ 6 & 8.)

- In January, 2010, the M/V BARBARY COAST was "misused" by employees of third-party defendant Eagle River Towing, LLC, and was ultimately run aground, "causing extensive and severe damage," which required the vessel to be "salvaged and taken out of service."   (*Id.*, ¶¶ 17-19; *see also id.*, ¶¶ 14 & 16.)

- Upon learning of the damage to the vessel, Atchafalaya sought information regarding insurance coverage—at that time, it neither had a copy of the policy nor the certificate of insurance—from Eagle and Mid-South Bank, and Mid-South provided Atchafalaya with Point Clear's name, but not its contact information.   (*Id.*, ¶¶ 22 & 23; *see also id.*, ¶ 15.)

- Atchafalaya first contacted Point Clear in February, 2010 to provide notice of loss and make a claim.   Point Clear's representative stated that he would not make a claim on Atchafalaya's behalf.   (*Id.*, ¶¶ 24 & 25.)

- Atchafalaya, "[a]fter repeated attempts to identify the insurer and make a claim," eventually obtained the name of the insurer, National Union, and through counsel, on September 21, 2010,1 sent a letter notifying National Union of the loss; on that day, the same letter was sent via "successful facsimile transmission" to Point Clear.   (*Id.*, ¶¶ 28-30.)

RECOMMENDS that Atchafalaya and Cairns' motion for leave to amend their complaint (Doc. 219) be **DENIED AS FUTILE**.

These allegations—that, at bottom, Point Clear failed to make a claim upon receiving timely notice—form the basis for the third-party claims against Point Clear for negligence and wantonness (Counts XI and XII, respectively).

The third-party plaintiffs further allege that Point Clear breached its duty to procure appropriate and sufficient insurance coverage for them, which further supports their negligent and wanton procurement claims (Counts XIII and XIV, respectively). *However,* at the June 12, 2012 Hearing, counsel for Atchafalaya and Cairns represented on the record that Atchafalaya and Cairns are no longer pursing those claims and requested that those claims be dismissed. Thus, while the negligent and wanton procurement claims are not substantively addressed herein, the undersigned **RECOMMENDS** that those claims also be **DISMISSED WITH PREJUDICE**.

## II.    Legal Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. Such a motion questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true, *see, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), and all factual allegations, moreover, are to be construed in the light most favorable to the plaintiff, *see, e.g., Brower v. County of Inyo*,

489 U.S. 593, 598 (1989); *see also Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (same).

Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the

hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

*Id*. at 678-79 (internal citations and quotation marks omitted); *see also id*. at 680 (a plaintiff must nudge his claims "across the line from conceivable to plausible."); *see Speaker*, 623 F.3d at 1381 ("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite [] statutory elements in conclusory fashion.  Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'").

### III.    Atchafalaya and Cairns' remaining claims against Point Clear, for negligence and wantonness (Counts XI and XII), are both time-barred and not cognizable under Alabama law.

The basis for the negligence and wantonness claims, again, succinctly, is that Atchafalaya notified Point Clear of the loss in February, 2010; Point Clear had a duty to Atchafalaya—because of Atchafalaya's status as an "Additional Assured"—to transmit or otherwise act on the notice of loss; Point Clear breached that duty by not acting; and Atchafalaya was harmed because of that breach.

### A.    Statute of Limitations.

These claims

are subject to Alabama Code § 6-2-38, which prescribes a two-year limitations period for such causes of action.  *See* ALA. CODE § 6-2-38(l)

6

("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("Under Alabama law, claims for negligence are subject to a two-year statute of limitations."). [Plaintiff] sustained his injuries on July 14, 2004; therefore, the two-year limitations period commenced running that day. *See generally Long v. Jefferson County*, 623 So. 2d 1130, 1137 (Ala. 1993) ("A negligence cause of action accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is apparent.").

*Ratcliff v. Heavy Machines, Inc.*, Civil Action No. 06-0861-WS-M, 2007 WL 1791646, at *3 (S.D. Ala. June 20, 2007) (footnote omitted); *see also Casassa v. Liberty Life Ins. Co.*, 949 F. Supp. 825, 832 (M.D. Ala. 1996) ("A negligence and/or wantonness cause of action is subject to a two-year statute of limitations.")

While "[a] statute of limitations defense is generally not appropriate for evaluation on a Motion to Dismiss filed pursuant [to] Rule 12(b)(6)," *McMillian v. AMC Mortgage Svcs., Inc.*, 560 F. Supp. 2d 1210, 1213 (S.D. Ala. 2008), "a limitations defense may be properly raised and litigated via Rule 12(b) motion if a claim is time-barred on the face of the Complaint[,]" *Green v. Roberts*, Civil Action No. 10–0481–WS–M, 2011 WL 4915231, at *1-3 (S.D. Ala. Oct. 14, 2011) (citations omitted); *see also Baker v. Sanford*, No. 11–14015, 2012 WL 1994603, at *1 (11th Cir. June 4, 2012) (per curiam) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred.") (citing *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)); *Agostinelli v. Fifth Third Bank*, Civil Action No. 10–00294–CG–B, 2011 WL 2119099, at *9 (S.D. Ala. May 11, 2011) ("[B]ecause it is not apparent on the face

of the pleadings that FTB's negligence is time-barred, the undersigned recommends that Defendants' motion be denied as premature at this juncture."), *report & recommendation adopted*, 2011 WL 2160179 (S.D. Ala. May 26, 2011).

Although, Atchafalaya and Cairns assert, in response to Point Clear's statute of limitations argument, that "a question remains as to when Point Clear should have transmitted that notice to National Union and when its failure to do so breached its duty to Cairns and Atchafalaya" (Doc. 225 at 4), there is no disagreement that Atchafalaya *first* "notified Point Clear of the loss in order to make a claim" in February, 2010; they, moreover, have not alleged that tolling of the two-year deadline is appropriate.[3]  Thus, because Atchafalaya and Cairns' theory of liability as to these claims is that Port Clear failed to transmit or otherwise act on the notice of loss delivered to it in February, 2010, it is apparent on the face of the operative third-party complaint that these claims accrued sometime in February, 2010, which, accepting their theory of liability, is "the time of the first legal injury" and when Atchafalaya and Cairns were "entitled to maintain the

---

[3]     Neither have they alleged that Point Clear's alleged breach of its duty to act upon the notice of loss is a continuing violation.  *See, e.g., Johnson v. Mobile County Sheriff Dept.*, Civil Action No. 06-0821-WS-B, 2007 WL 2023488, at *4 (S.D. Ala. July 9, 2007) ("Of course, a critical feature of the continuing violation doctrine is that at least one wrongful act[—here, presumably, Point Clear's failure to respond to Atchafalaya and Cairns' September 21, 2010 Letter notifying National Union of the loss, which was also sent to Point Clear—]must have occurred within the relevant statutory limitations period.") (citation omitted).  Moreover, even if the operative third-party complaint *is* somehow invoking the continuing violation doctrine, that doctrine is not applicable to the claims asserted.  *See, e.g., Thong v. Andre Chreky Salon*, 634 F. Supp. 2d 40, 43 (D.D.C. 2009) ("[T]here is no "continuing violation" theory of liability for common law torts like assault and battery[.]) (collecting cases); *Henise v. York County Bd. of Comm'rs*, No. 4:06-CV-2469, 2007 WL 1684434, at *5 n.11 (M.D. Pa. June 8, 2007) ("Plaintiff cites no authority in support of her argument that the continuing violations doctrine applies to state tort claims, such as negligence and false light . . . .   Further, the Court is not aware that any such authority exists.").

action[.]"   *Long*, 623 So. 2d at 1137.   The currently operative (third amended) third-party complaint (Doc. 206), naming Point Clear as a third-party defendant,[4] was filed on April 6, 2012[5]—well after the two-year deadline.   Thus, those claims are barred by the applicable statute of limitations.   *See, e.g., Casassa*, 949 F. Supp. at 832.

### B.   Negligent and Wanton Claims Handling.

Even if the negligence and wantonness claims are timely, to the extent that Atchafalaya and Cairns' negligence and wantonness claims can be read as claims for negligent and wanton claim handling—which appears to be a fair and accurate interpretation of those claims (*see, e.g.*, Doc. 206, ¶¶ 48 & 53)—they are due to be dismissed because "[a]s noted in *Kervin v. Southern Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) . . . , Alabama does not recognize a cause of action for negligent and wanton claim handling."   *State Farm Fire & Cas. Co. v. Agee*, Civil Action No. 08-0193-KD, 2009 WL

---

[4]      Atchafalaya and Cairns first added claims against Point Clear in a third amended third-party complaint (Doc. 163) improperly filed, without leave of Court, on December 20, 2011. That pleading was sticken, *sua sponte*, by the undersigned on March 2, 2012 (Doc. 179) once the improperly filed pleading came to the undersigned's attention by virtue of Point Clear's motion to dismiss, filed on February 29, 2012.   (*See also* Doc. 191 (order denying reconsideration).)   *See, e.g., Pedersen v. Burlington N. & Santa Fe Ry. Co.*, No. 8:01CV521, 2002 WL 1040976, at *1 (D. Neb. May 23, 2002) ("The magistrate struck the amended complaint sua sponte for failure to comply with the rules for amending complaints after a responsive pleading has been filed. Subsequently, the plaintiff filed a motion for leave to file the amended complaint, and the motion was granted."); *Colon v. Blades*, 268 F.R.D. 143, 144-46 (D.P.R. 2010) (granting motion to strike third-party complaint filed without leave of court more than 14 days after service of original answer); *Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Family Trust*, No. 08-CV-1368 W POR, 2010 WL 3033813, at *1 (S.D. Cal. Aug. 3, 2010) (parties agreed to strike third-party complaint because defendant "had not requested leave of the Court to file a third-party complaint, pursuant to Rule 14(a)(1)").

[5]      Atchafalaya and Cairns sought leave of Court to file this amended complaint on March 26, 2012.   (*See* Doc. 196.)

1441537, at *6-7 (S.D. Ala. May 21, 2009) (collecting cases); *see also Kervin*, 667 So. 2d at 706 ("[T]his Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims.").

Atchafalaya and Cairns contend that "[a]s the agent of National Union and individually[, as an independent broker], Point Clear breached its duty to "Additional Assured," Atchafalaya Marine by [ ] either failing to transmit the notice of loss or otherwise act on notice of the loss."   (Doc. 206, ¶¶ 48 & 53.)   They further contend that "Atchafalaya Marine notified Point Clear of the loss *in order to make a claim*" (*id.*, ¶¶ 46 & 51 (emphasis added)) and that "notice to Point Clear constituted notice [to] National Union" (*id.*, ¶¶ 47 & 52).   Thus, it is abundantly clear that Point Clear's alleged failure to "transmit . . . or otherwise act on notice of the loss" was the initial step in the claims handling process and that National Union's ability to further handle the claim was hampered by its alleged agent's failure "to transmit the notice of loss" to it.   This claims handling theory of liability still holds true to the extent Atchafalaya and Cairns contend that Point Clear is liable solely as a broker—a legally dubious argument.   If Point Clear is merely a broker, it's only alleged duty to Atchafalaya and Cairns was to "transmit the notice of loss" to allow Third-party Plaintiffs "to make a claim."

## Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that the 12(b)(1) motion (Doc. 216) be **DENIED AS MOOT** and Atchafalaya and Cairns' motion

for leave to amend their complaint (Doc. 219) be **DENIED AS FUTILE**.   The undersigned **FURTHER RECOMMENDS** that the 12(b)(6) motion (Doc. 217), construed solely as a motion to dismiss, be **GRANTED** and that all claims against Point Clear be **DISMISSED WITH PREJUDICE**.[6]   Finally, the undersigned **RECOMMENDS** that the claims against Eagle River Towing, L.L.C. be **DISMISSED WITHOUT PREJUDICE**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of June, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[6]     As explained at the June 12, 2012 Hearing, the deadlines imposed by the current schedule shall be modified to both allow the parties to present any objections to the undersigned's recommendations to the District Judge and finalize any dispositive motions.   The undersigned therefore **VACATES** the current dispositive motions deadline—June 15, 2012—and **ORDERS** the parties to file dispositive motions within **twenty-one (21) days** from the Court's final order adopting or modifying this report and recommendation.

While the discovery cutoff was June 1, 2012, the parties are reminded that they may also continue to pursue discovery outside the cutoff so long as they otherwise comply with the requirements of the scheduling order.   They, however, lose the willingness of this Court, absent exceptional circumstances, to referee any discovery disputes that may arise.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.       *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7]       Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).