IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARC E. OLIVER, d/b/a GULF COAST ENVIRONMENTAL AND RECOVERY, and T.M. JEMISON CONSTRUCTION CO. INC. d/b/a JEMISON MARINE, INC., Plaintiffs, | : | CA 11-223-KD-C |
| MIDSOUTH BANK, N.A., Plaintiff/Counter-Defendant | : | IN ADMIRALTY *In Personam and In Rem* |
| v. | : | |
| M/V BARBARY COAST, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, and RODD CAIRNS, an individual, and ATCHAFALYA MARINE, LLC, *In personam*, Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | : | |
| v. | : | |
| EAGLE RIVER TOWING, L.L.C., p/k/a/or a/k/a EAGLE INLAND TOWING, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LOUISIANA LIMESTONE & LOGISTICS, L.L.C., CURTIS BUFORD, and POINT CLEAR INSURANCE SERVICES, INC., Third-Party Defendants. | : | |

**REPORT AND RECOMMENDATION**

On August 15, 2012, Third-Party Plaintiffs Atchafalaya Marine, LLC and Rodd Cairns filed a Notice of Appeal (Doc. 269), seeking review of the Court's July 13, 2012 Order (Doc. 248), adopting as modified the Magistrate Judge's recommendation that Third-Party Defendant Point Clear Insurance Services, Inc.'s motion to dismiss be granted (Doc. 237).[1]  On that same day, Cairns filed a motion for leave to appeal *in*

---

[1] Judge DuBose adopted only the portion of the report recommending that the motion be granted because the third-party plaintiffs' claims against Point Clear were not cognizable under Alabama law (*see id.* at 9-10).  In their Objection to the report and recommendation (Doc. 244), the third-party plaintiffs **failed to object** to this portion of the report and recommendation.  Thus, the third-party plaintiffs are now seeking appellate review

*forma pauperis* (Doc. 270), which has now been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, for issuance of a report and recommendation.

For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**.

## Discussion

I.   Authorities.

28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed with an appeal *in forma pauperis*.  *See Ex parte Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088, at *2 (M.D. Fla. Apr. 10, 2007) (citing *Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979)[2]).   Section 1915(a) provides, in relevant part:

---

of a Magistrate Judge's determination that was before the District Judge without objection.  Compounding this possible attempt to sandbag the District Judge is the fact that the third-party plaintiff's objections to the portion of the report recommending dismissal pursuant to the statute of limitations appear to have resonated with Judge DuBose.   (*See* Doc. 248 at 2 (striking that portion of the recommendation).)

While the Magistrate Judge's un-objected-to legal conclusions are likely reviewable by the Eleventh Circuit, *see, e.g., Tillman v. Barnhart*, 144 Fed. App'x 836, 839 (11th Cir. Aug. 15, 2005) (per curiam), the procedural scenario here may be better served by the rule adopted by the Sixth Circuit, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), which precludes "appellate review of any issue not contained in objections, [and thus,] prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing[,]" *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (affirming the *Walters* rule as a valid exercise of the court of appeal's supervisory power and noting, "Absent such a rule, any issue before the magistrate [judge] would be a proper subject for appellate review.   This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate[ judge's] analysis and even if both parties were satisfied with the magistrate[ judge's] report.   Either result would be an inefficient use of judicial resources.").

[2]    All decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> .   .   .
>
> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith**.

28 U.S.C. § 1915(a) (emphasis added).

Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> (1) **Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) **Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. APP. P. 24(a).

The test for whether an appeal is taken in good faith under section 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *See Chayoon*, 2007 WL 1099088, at *1 (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "[A]n appellant's good faith subjective motivation for appealing is not

relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge*, 369 U.S. at 445; *Amir-Sharif v. Dallas County Tex.*, 269 Fed. App'x 525, 526 (5th Cir. Mar. 13, 2008) (per curiam) ("A movant who seeks authorization to proceed IFP on appeal must *demonstrate* that he is a pauper and *that his appeal involves nonfrivolous issues*.") (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)) (emphasis added).

    II.    <u>Application.</u>

Cairns' current appeal is not taken in good faith.

> A court of appeals may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders not applicable here, 28 U.S.C. § 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). A district court's decision dismissing fewer than all of the defendants in a case where the plaintiff has sued multiple parties is ordinarily not a final, appealable judgment unless the district court expressly certifies judgment against the dismissed defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 54(b); *Barrett ex rel. Estate of Barrett v. U.S.*, 462 F .3d 28, 32 (1st Cir. 2006).

*Tucker v. Wall*, C.A. No. 07–406 ML, 2010 WL 2262346, at *2 (D.R.I. May 4, 2010) (internal citation modified and footnote omitted), *report and recommendation adopted*, 2010 WL 2262347 (D.R.I. June 4, 2010).

No party requested that Judge DuBose direct the entry of final judgment with respect to the claims against Third-Party Defendant Point Clear, dismissed pursuant to the July 13, 2012 Order (Doc. 248). "Therefore [that order] is not an appealable final order and [Cairns'] attempt to appeal the same is frivolous." *Tucker*, 2010 WL 2262346, at *2 (citing *Hedgespeth v. Watters*, No. 08–cv–410, 2008 WL 3926371, at *2 (W.D. Wis. Aug. 21, 2008) (court found appeal not taken in good faith and denied leave to appeal *in forma pauperis* where plaintiff sought to appeal an order that was not a final, appealable

4

order); *Pennington v. Correctional Med. Servs.*, No. 5:06CV00144, 2007 WL 2904005, at *2 (E.D. Ark. Oct. 3, 2007) (same)).[3]

## Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Judge certify in writing, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith and that Cairns' motion to proceed *in forma pauperis* on appeal be **DENIED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 30th day of August, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Had no motion for leave to appeal IFP been filed, the Court's only option would have been to ignore the notice of appeal "from a plainly non-appealable order" and "proceed with the case," *McCormick v. Brzezinski*, No. 08–CV–10075, 2009 WL 3246706, at *1 (E.D. Mich. Oct. 7, 2009) ("'A notice of appeal from a plainly non-appealable order may properly be ignored by the district court.' *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981). Although the court has authority to proceed and ignore the improper notice of appeal, it does not have authority to dismiss any notice of appeal. *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) ('[T]he decision to dismiss a notice of appeal rests with this court, not the district court.'). Accordingly, the court will proceed with this case, ignoring the notice of appeal, but it cannot dismiss the notice of appeal."), leaving to the Eleventh Circuit the task of determining it lacks jurisdiction, *see Supreme Fuels Trading FZE v. Sargeant*, ___ F.3d ____, 2012 WL 3166659, at *1 (11th Cir. Aug. 7, 2012) (per curiam) ("Setting aside the question of whether there has been a final decision with respect to IOTC, it is clear that the District Court did not resolve the rights and liabilities of the other three defendants in this case. IOTC did not seek a Rule 54(b) certification from the District Court either. With claims outstanding, we lack jurisdiction.").

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).[4]   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4]   All Fifth Circuit Unit B decisions from any date are binding precedent in the Eleventh Circuit.   *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

[5]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   FED. R. CIV. P. 72(b)(2).