IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARC E. OLIVER, d/b/a GULF COAST ENVIRONMENTAL AND RECOVERY, and T.M. JEMISON CONSTRUCTION CO. INC. d/b/a JEMISON MARINE, INC., | : : | |
| Plaintiffs, | : | CA 11-0223-KD-C |
| MIDSOUTH BANK, N.A., Plaintiff/Counter-Defendant | : | IN ADMIRALTY *In Personam and In Rem* |
| vs. | : | |
| M/V BARBARY COAST, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, and RODD CAIRNS, an individual, and ATCHAFALAYA MARINE, LLC, *In personam*, Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | : : : | |
| vs. | : | |
| EAGLE RIVER TOWING, L.L.C., p/k/a or a/k/a EAGLE INLAND TOWING, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LOUISIANA LIMESTONE & LOGISTICS, L.L.C., and CURTIS BUFORD, Third-Party Defendants. | : : : | |

**ORDER**

This matter is before the Court on the Motion for Summary Judgment filed by Third-Party Defendant National Union Fire Insurance Company of Pittsburgh, PA (Doc. 250), Third-Party Plaintiffs Rodd Cairns and Atchafalaya Marine, LLC's Response (Doc. 264), and National Union's Reply (Doc. 267); Atchafalaya/Cairns Motion for Partial Summary Judgment (Docs. 254-263), National Union's Response (Doc. 278) and Atchafalaya/Cairns' Reply (Doc.

1

284); Atchafalaya/Cairns' Motion to Strike (Doc. 265), National Union's Response (Doc. 268), National Union's Motion for Leave to Substitute (Doc. 270), Atchafalaya/Cairns' Objection to Motion for Leave to Substitute and Motion to Strike (Doc. 285), and National Union's Motion to Strike Atchafalaya/Cairns Objection (Doc. 286); and the arguments and representations made at the September 19, 2012 summary judgment hearing which was attended by Plaintiffs' counsel Margaret Miller and Defendants' counsel Donald Radcliff.

## I.     Factual Background

This case stems from the salvage of the vessel the M/V BARBARY COAST, owned by Atchafalaya Marine, LLC (Doc. 250 at 16-17), and an insurance dispute, which resulted from the incident. Specifically, Third-Party Plaintiffs Atchafalaya Marine, LLC and Rodd Cairns ("Atchafalaya/Cairns") assert claims for breach of contract (Count VI), abnormal bad faith (Count VII) and normal bad faith (Count VIII) against Third-Party Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). (Doc. 60 (as amended per Doc. 206)).

Atchafalaya purchased the M/V BARBARY COAST in September 2008. (Doc. 250 at 16). Starting in February 2009, Eagle Inland Towing ("Eagle") and Atchafalaya engaged in a relationship governed by an oral agreement through which Eagle used Atchafalaya's vessel, the M/V BARBARY COAST, and Atchafalaya's crew, to haul wood chips and then paid Atchafalaya for that usage of the vessel and for the crew.

On March 18, 2009, National Union issued an insurance policy (#H2035) to Eagle for the period of March 18, 2009-March 18, 2010. (Doc. 250 at 122-154). This policy provided coverage to Eagle for the vessels the MR. LESTER, MISS KATELYN and CARL T.  (Id.)

2

Per Endorsement #17 (effective March 18, 2009)[1] Atchafalaya was listed as an Additional Assured on the policy. (Id. at 154). Endorsement #17 also extended coverage to the "…subsidiary, affiliated, or interrelated companies of the Assured be the owners and/or charterers and/or operator and/or in whatever capacity." (Id.) Endorsement #17 provides further that "[n]otwithstanding the proceeding provisions, no party shall be deemed an additional Assured or favored with a waiver of subrogation on any vessel insured hereunder which is not actually engaged or involved in the intended operations at the time of the loss, if any." (Id.)

On June 2, 2009, the M/V BARBARY COAST was added to the Schedule of Vessels on Eagle's policy per Endorsement #18. (Id. at 155). Endorsement #18 states "ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED." (Doc. 250 at 155).

On September 2, 2009, the M/V BARBARY COAST was deleted from Eagle's policy per Endorsement #19. (Id. at 156). Endorsement #19 states "ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED." (Id.)

On December 21, 2009, the M/V BARBARY COAST was added back to Eagle's policy, Eagle River Towing, LLC was added as a Named Insured, and ICF Solutions, Inc. was added as an Additional Insured per Endorsement #23. (Id. at 160). Endorsement #23 states "ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED." (Id.)

During the first two (2) weeks of January 2010, the M/V BARBARY COAST ran aground near mile marker 81 on the Tombigbee River in Alabama, during the course of a "rescue operation" engaged by Eagle and two (2) unlicensed crewman (to free a grounded barge so a flotilla cold continue to travel). As a result, the vessel received extensive and severe damage

---

[1] National Union claims that this date is a typographical error and that the policy should be dated June 2, 2009. The discrepancy in the date of the endorsement does not affect the determination of coverage issue.

which required it to be salvaged and taken out of service.  Once Atchafalaya learned of the damage to its vessel, it sought information regarding its insurance coverage (as it did not have a copy of the policy at that time) and ultimately obtained the name of the insurer.  On September 21, 2010, Atchafalaya notified National Union of the loss.  (Doc. 250 at 235).

On January 21, 2010, the M/V BARBARY COAST was deleted from Eagle's policy per Endorsement #25.  (Id. at 162).  Endorsement #25 states "ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED."  (Id.)  On March 18, 2010, Eagle's policy coverage was "cancelled in its entirety" per Endorsement #26.  (Id. at 163).

A recitation of the undisputed facts beyond this point -- which primarily relate to the bad faith claims -- would be fruitless, as there are very few.  The parties' respective allegations on summary judgment -- while ostensibly supported with voluminous e-mails, notes and other documents -- contradict one another.  The "supporting" documents instead establish the presence of a genuine factual dispute with regard to the actions taken (or not taken) by National Union and Atchafalaya/Cairns regarding the insurance claim for the damage to the M/V BARBARY COAST.  In synopsis, while Atchafalaya/Cairns claim bad faith on the part of National Union, National Union contends that it honored coverage for the damages to the vessel notwithstanding "solid justification to deny coverage" such that the requisite elements for bad faith are absent.

## II.   Conclusions of Law

### A.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.

R. Civ. P. 56(a) (Dec. 2010).   Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. Rule 56(c) (Dec. 2010).   The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."   Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).   If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.   Celotex, 477 U.S. at 323.   "In reviewing whether the nonmoving party has met its burden, the court must stop short of

5

weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

The applicable Rule 56 standard is not affected by the filing of cross-motions for summary judgment. See, e.g., Am. Bankers Ins. Group v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005); Gerling Global Reins. Corp. of Am. v. Gallagher, 267 F.3d 1228, 1233 (11th Cir. 2001). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984) (citation omitted). The Court is mindful that "'[w]hen both parties move for summary judgment, the court must evaluate each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration.'" Muzzy Prods., Corp. v. Sullivan Indus., Inc., 194 F. Supp. 2d 1360, 1378 (N.D. Ga. 2002)). The Court has reviewed the facts submitted by each party and has made its own examination of the evidentiary record.

**B.   Discussion**

At issue on summary judgment are Third-Party Plaintiffs Atchafalaya/Cairns' abnormal and normal bad faith claims (Counts VII and VIII) against Third-Party Defendant National Union. (Doc. 60). Specifically, Atchafalaya/Cairns move for summary judgment only as to their claim for abnormal bad faith, alleging that a valid insurance contract existed and that National Union intentionally failed to determine whether there was any lawful basis for the

refusal to pay and failed and refused to indemnify Atchafalaya for the loss without any reasonably legitimate, arguable or debatable reason.  National Union moves for summary judgment on both of the bad faith claims, asserting that: 1) Atchafalaya/Cairns lacks standing as they were not parties to the contract and were not additional assureds; 2) it never denied the vessel was covered and paid all insurable damages so the prerequisite issue of a breach of contract cannot be proven (to assert bad faith claims); and 3) it had debatable reasons to deny coverage precluding their bad faith claims.

    1.    <u>**Cairns**</u>

National Union seeks summary judgment against Cairns, asserting that he lacks standing as he was never an additional insured under the policy and that he is not even named in same. Atchafalaya/Cairns contend that Cairns is an insured because Atchafalaya owned the vessel and Cairns owned Atchafalaya.

The record (and the representations made at the September 19, 2012 hearing) reveal that Cairns was a member of Atchafalaya and that Atchafalaya owned the vessel M/V BARBARY COAST.  (Doc. 250 at 6-7).  However, Cairns was never listed on the National Union insurance policy as an additional insured.

In Alabama, a member of an LLC does not have a right to pursue a claim of the LLC under an insurance policy issued in favor of, and to, the LLC.  <u>See</u>, <u>e.g.</u>, <u>Cook v. Trinity Universal Ins. Co. of Kansas</u>, 297 Fed. Appx. 911 (11th Cir. 2008).  Cairns lacks standing to bring any claims on his own behalf because he has not demonstrated injury in fact, causation or redressability – *i.e.*, that National Union invaded one of his legally protected interests.  <u>Id</u>. Cairns' status as a member of the LLC Atchafalaya does not give him standing to prosecute a

claim on its behalf.  Id.  See also e.g., Carey v. Howard, 950 So.2d 1131, 1136 (Ala. 2006); Filo America Inc. v. Olhoss Trading Co., L.L.C., et al., 321 F.Supp.2d 1266, 1268 (M.D. Ala. 2004); Fausak's Tire Center, Inc. v. Blanchard, 959 So.2d 1132, 1145 (Ala. Civ. App. 2006). Additionally, while Alabama law provides that one does not need to be named on an insurance policy in order to be an insured, see, e.g., Providence Washington Ins. Co. v. Stanley, 403 F.2d 844, 849 (5th Cir. 1968), the facts related to Cairns are distinguishable.  In Stanley, the insurance policy was issued to a trade name, and the Fifth Circuit never reached the question of whether the individual could pursue the claim in her name if the company was the named insured and all premiums had been paid by the company.  Stanley is also distinguishable because it does not address Section 10A-5-2.07 of the Alabama Code, which provides that "neither a member nor a manager of a limited liability company is a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's or manager's rights against liability to the limited third party company."  Moreover, even if the Court could construe Cairns as a third-party beneficiary, bad faith insurance claims by third-party beneficiaries are precluded in Alabama.  See, e.g., Jones v. General Ins. Co. of Am., 2009 WL 1537866 (S.D. Ala. May 29, 2009).  Thus, Cairns has no standing to enforce a claim by Atchafalaya under the policy.  Accordingly, National Union's motion for summary judgment as to Cairns is **GRANTED** such that all of Cairns' claims against National Union are **DISMISSED;** and as such, Atchafalaya/Cairns motion for summary judgment as to Cairns is **DENIED.**

**2.      Atchafalaya**

This Court is guided by the following on this summary judgment review: "an insurance policy is written by the insurance company. Most insureds depend upon the company to provide the coverage they seek. When doubt exists as to whether insurance coverage is provided, the language used by the insurer must be construed for the benefit of the insured. See, e.g., Guaranty Nat. Ins. Co. v. Marshall Cty. Bd. of Ed., 540 So.2d 745, 748 (Ala. 1989).

a.      Additional Assured Status

Under Alabama law, there are two methods by which a party can establish a bad faith refusal to pay an insurance claim: an insurance company may be liable for either "normal" bad faith or "abnormal" bad faith.  See, e.g., Mutual Service Cas. Ins. Co. v. Henderson, 368 F.3d 1309 (11th Cir. 2004) (citing State Farm Fire & Casualty Co. v. Slade, 747 So.2d 293, 306 (Ala. 1999)).   While Atchafalaya has asserted both theories against National Union, there must first exist a valid insurance contract to which Atchafalaya is a party.  Here, the parties dispute whether the insurance contract covered Atchafalaya.

National Union contends that Atchafalaya was not an Additional Assured under the policy such that it lacks standing to pursue its claims.   Atchafalaya contends that Endorsement #17 added it to the insurance policy and that it remained an Additional Assured, regardless of any subsequent endorsements.   Atchafalaya is correct.

Atchafalaya has always had an interest in the M/V BARBARY COAST, as it owns the vessel.   Atchafalaya's *insurable* interest, however, is what is at issue.   Atchafalaya's inclusion in Eagle's insurance policy as an Additional Assured occurred when Endorsement #17 was executed.   While subsequently executed Endorsement #19 deleted the vessel M/V BARBARY

COAST, said endorsement did *not* delete Atchafalaya. This conclusion is underscored by the fact that, per the subsequently executed Endorsement #18, Endorsement #19, Endorsement #23, "all other terms and conditions remain unchanged." In short, National Union failed to affirmatively delete Atchafalaya from coverage and/or delete Endorsement #17. During the period that the vessel was not insured, coverage as to Atchafalaya was dormant because at that point Atchafalaya presumably had no insurable interest. However, Atchafalaya's coverage was revived, since it was never deleted, once the vessel was again added.

National Union contends that Endorsement #17 became an illegal contract – *void ab initio* – because there was no insurable interest in the policy (due to the removal of the vessel). However, National Union's reliance on National Sec. Fire & Cas. Ins. Co. v. Brannon, 47 Ala. App. 319 (Ala. Civ. App. 1971) for such proposition is misplaced. To arrive at this contention, National Union focuses on the approximately three (3) month window during which the vessel was removed from the policy (per Endorsement #19) -- September 2, 2009 to December 21, 2009. However, according to Brannon, what matters are Atchafalaya's status and its insurable interest at two (2) specific junctures: 1) *at the time of the inception of the policy* and 2) *at the time of the loss*. The record reveals that: 1) at the time of the inception (March 2009), Atchafalaya and the vessel were included in the policy; and 2) at the time of the loss (during the first two (2) weeks of January 2010), Atchafalaya and the vessel were included in the policy. Thus, construing the insurance policy in favor of the insured, Atchafalaya was covered under the policy because at those critical junctures its insurable interest (the vessel) was included on the policy.

Accordingly, National Union's motion for summary judgment as to Atchafalaya's additional assured status is **DENIED** and Atchafalaya's motion for summary judgment on same is **GRANTED.**

    b.    <u>Bad Faith Claims</u>

According to Atchafalaya, National Union committed abnormal bad faith because it issued a valid insurance contract covering the M/V BARBARY COAST, but after receiving notice of the loss, failed and refused to adequately investigate and indemnify Atchafalaya for the loss without any reasonably legitimate, arguable or debatable reason.  (Doc. 60 at 15). Atchafalaya adds that National Union *intentionally* failed to determine whether there was any lawful basis for its refusal to pay, particularly as it failed to deliver to the Assured, Atchafalaya, a copy of the policy within a reasonable time as required by Section 27-14-19 <u>Ala</u>. <u>Code</u>. According to Atchafalaya, National Union also committed normal bad faith because it issued a valid insurance contract covering the M/V BARBARY COAST, but after it received notice of the loss, it failed and refused to timely indemnify Atchafalaya for the loss without any reasonably legitimate, arguable or debatable reason.   (Doc. 60 at 16).

Abnormal bad faith is a creature of Alabama caselaw.  See <u>Ex Parte Simmons</u>, 791 So.2d 371, 379 (Ala. 2000).  To recover under a theory of an abnormal case of bad faith, Atchafalaya must prove that: 1) National Union failed to properly investigate the claim or to subject the results of the investigation to a cognitive evaluation and review; and 2) that National Union breached the contract for insurance coverage with the insured when it refused to pay the insured's claim.  <u>Id</u>.  An insurer is liable for abnormal bad faith when it intentionally or recklessly fails to conduct an adequate investigation of the facts and submit those facts to a

11

thorough review. Blackburn v. Fid. and Deposit Co. of Maryland, 667 So.2d 661, 668 (Ala. 1995). An insurer also has the responsibility to "marshall all of the pertinent facts with regard to its insured's claim" before denying coverage. Nat'l Ins. Ass'n. v. Sockwell, 829 So.2d 111, 130 (Ala. 2002). Thus, providing an arguable reason for denying an abnormal bad faith claim does not defeat that claim. Slade, 747 So.2d at 315-316. See also generally Henderson, 368 F.3d at 1314-1317.

To establish that National Union committed normal bad faith, Atchafalaya must prove: 1) the existence of an insurance contract and a breach by the insurer; 2) intentional refusal to pay the insured's claim; 3) the absence of legitimate or arguable reason for that refusal; 4) the insurer's actual knowledge of the absence of an arguable reason; and 5) if the intentional failure to determine the existence of a lawful basis is the theory relied upon, the insured must prove the insurer's intentional failure to determine whether there was a legitimate or arguable reason to pay the claim. See, e.g., Henderson, 368 F.3d at 1314; Great Southern Wood Preserving, Inc. v. American Home Assur. Co., 505 F. Supp. 2d 1287, 1296-1297 (M.D. Ala. 2007) (citing Cont. Elec. Co. v. Am. Employers' Ins. Co., 518 So.2d 83, 86 (Ala. 1987)). Normal bad faith claims are known as "directed verdict on the contract claims" because a plaintiff must show that he is entitled to a directed verdict on the breach of contract claim in order to have his bad faith claim submitted to a jury. Id. at 1314. As such, the court reviews whether there was a legally sufficient evidentiary basis for a reasonable jury to find for Atchafalaya on the breach of contract claim. Id. "Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the ['**normal**' **bad faith**] claim must fail and should not be submitted to the jury[]"). Id. (emphasis in original)

(citing Nat'l Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357, 1362 (Ala. 1982)).

Moreover, to support a bad faith claim (or breach of contract claim), Atchafalaya/Cairns must establish that National Union denied its claim. New Hampshire Ins. Co. v. Blue Water OffShore, LLC, 2008 WL 682400, *2 (S.D. Ala. Mar. 7, 2008). The denial may be actual (express) or constructive, and a plaintiff may establish a constructive denial by showing a passage of time so great that the delay alone creates a denial or, a sufficient delay in payment coupled with some wrongful intent by the insurance company. See, e.g., Jones, 2009 WL 1537866, *11 (citing Congress Life Ins. Co. v. Barstow, 799 So.2d 931, 937-938 (Ala. 2001)).

The Court is satisfied that Atchafalaya is an Additional Assured and that there exists a valid insurance contract between Atchafalaya and National Union. However, the record reveals that there is a significant material factual dispute surrounding: 1) whether Atchafalaya or National Union breached the insurance policy – the contract at issue – as National Union ultimately paid insurable damages; and 2) whether National Union committed bad faith (*i.e.*, whether there were debatable reasons to initially deny coverage and whether it intentionally or recklessly failed to investigate). Accordingly, National Union's motion for summary judgment on the bad faith claims is **DENIED**; and Atchafalaya/Cairns' motion for summary judgment on its bad faith claims against National Union is **DENIED.**

### III. Conclusion

Accordingly, based on the foregoing it is **ORDERED** that: 1) National Union's Motion for Summary Judgment is **GRANTED** as to Rodd Cairns and **DENIED** as to Count VII (abnormal bad faith) and Count VIII (normal bad faith); and 2) Atchafalaya/Cairns' Motion for Partial Summary Judgment is **DENIED** as to Rodd Cairns and **DENIED** as to Count VII

(abnormal bad faith) and Count VIII (normal bad faith).

It is further **ORDERED** that for those reasons stated on the record at the September 19, 2012 summary judgment hearing, the Motion to Strike is **MOOT.**

**DONE** and **ORDERED** this the **4th** day of **October 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**