IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARC E. OLIVER, d/b/a GULF COAST ENVIRONMENTAL AND RECOVERY, and T.M. JEMISON CONSTRUCTION CO. INC. d/b/a JEMISON MARINE, INC., | : : | |
| Plaintiffs, | : | CA 11-0223-KD-C |
| MIDSOUTH BANK, N.A., | | IN ADMIRALTY |
| Plaintiff/Counter-Defendant | : | *In Personam and In Rem* |
| vs. | : | |
| M/V BARBARY COAST, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, and RODD CAIRNS, an individual, and ATCHAFALAYA MARINE, LLC, *In personam*, | : : | |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | : | |
| vs. | : | |
| EAGLE RIVER TOWING, L.L.C., p/k/a or a/k/a EAGLE INLAND TOWING, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LOUISIANA LIMESTONE & LOGISTICS, L.L.C., and CURTIS BUFORD, | : : | |
| Third-Party Defendants. | : | |

## ORDER

This matter is before the Court on Third-Party Defendant National Union Fire Insurance Company of Pittsburg, PA's Motion to Strike (Doc. 318). Specifically, National Union moves to strike three (3) potential witnesses of Third-Party Plaintiff Atchafalaya Marine, LLC (as set forth on its witness list): Mark Crompton, Dan Thoms and David Thorguson. As grounds, National Union contends that the addresses for Crompton and Thoms were not provided in the

1

Joint Pretrial Document, and that Thorguson was not listed in the required disclosures and thus, it will be prejudiced as it will not have the chance to depose him prior to trial.

The undersigned's Standing Order (Doc. 298-1) provides the requirements for the Joint Proposed Pretrial Document.  In relevant part, Paragraph H governs Witnesses and states as follows as to precisely what must be contained within the jointly filed document:

> H. <u>Witnesses</u>. A list of the names and addresses of all witnesses who will or may testify at the trial. Witness lists shall be kept to a reasonable minimum. Additional witnesses may be added only in accordance with Fed.R.Civ.P. 16(e). The parties shall attach to the Joint Pretrial Document a curriculum vita of each expert witness, and a brief statement of the opinion(s) which counsel expects to elicit from such expert. Any objections to the designation of a witness (whether lay or expert) shall be submitted with the Joint Pretrial Document. Failure to comply shall constitute a waiver of any such objection.

(Doc. 298-1 at 3-4).   Rule 16(e) of the <u>Federal Rules of Civil Procedure</u> provides that the court may modify the final pretrial conference order "only to prevent manifest injustice."

At the outset, the Court finds that National Union has waived its present objections because it failed to assert any objections regarding these three (3) witnesses within the Joint Proposed Pretrial Document, as required.   Thus, it is **ORDERED** that the Motion (Doc. 318) is **DENIED** as the Court will not strike any of these witnesses from Third-Party Plaintiff Atchafalaya's witness list.[1]   Nevertheless, the Court also finds as follows.

As to witness Thorguson, National Union's waiver of its objection cannot be cured.   The time for National Union to object was 21 days ago within the proposed pretrial document, or at the very least 13 days ago at the pretrial conference -- not now only one (1) week before jury selection.

Nevertheless, National Union is entitled to some relief regarding witnesses Crompton and Thoms.  Insofar as these two (2) witnesses were identified by Atchafalaya but their addresses

---

1  Objections based on relevance are preserved.

2

were not provided, Third-Party Plaintiff Atchafalaya Marine, LLC is **ORDERED** to file a Notice of Address for these two (2) witnesses, providing such information, no later **November 28, 2012.**

**DONE** and **ORDERED** this the **27**th day of **November 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**