Case 1:11-cv-00223-KD-C   Document 383   Filed 01/17/13   Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ATCHAFALAYA MARINE, LLC,  )  | |
|     Plaintiff,  )  | |
| )  | |
| v.  ) | CIVIL ACTION NO. 11-00223-KD-N |
| )  | |
| NATIONAL UNION FIRE INSURANCE  )  | |
| COMPANY OF PITTSBURGH, PA.,  )  | |
|     Defendant.  )  | |

## ORDER

This matter is before the Court on Defendant's "Motion to Stay Execution [of the Judgment] Pending Disposition of PostJudgment Motions" (Doc. 381). Specifically, pursuant to Rule 62(b), Defendant seeks entry of a stay of the judgment (the jury verdict)[1] pending the Court's disposition of its post-judgment motions (Docs. 377-379).

Rule 62(b) provides, in relevant part, as follows: "[o]n appropriate terms for the opposing party's security, the court may stay the execution of or any proceedings to enforce a judgment -- or any proceedings to enforce it -- pending disposition of any of the following motions: (1) under rule 50, a motion for judgment as a matter of law...(3) under Rule 59, for a new trial or to alter or amend a judgment[.]" FED. R. CIV. P. 62(b). "Rule 62(b) is intended to protect the prevailing party's interest in the judgment while preserving the status quo." Continental Cas. Co. v. First Financial Employee Leasing, 2010 WL 5421337, *1 (M.D. Fla. Dec. 27, 2010) (citing Slip 'N Slide Records, Inc. v. TVT Records, LLC, 2007 WL 1098751, at *2 (S.D. Fla. April 8, 2007) and Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–

---

[1] Judgment issued on the jury's verdict on December 18, 2012 (Order on Jury trial was signed on December 17, 2012 but the Order was docketed on December 18, 2012). (Doc. 369). The jury awarded $250,000 to Plaintiff on its breach of contract claim; $100,000 to Plaintiff on its bad faith claim; and $350,000 to Plaintiff for punitive damages.

1

1191 (5th Cir. 1979)).  While courts have broad discretion to determine the "appropriate terms" for such a stay, "normally the party seeking a stay is required to post a bond sufficient to protect fully the prevailing party's interest in the judgment."  Continental Cas. Co., 2010 WL 5421337, *1.  Thus, the burden is on the Defendant to demonstrate why a Rule 62(b) bond should not be required.  Id.  In so doing, the Defendant must show that in the absence of a bond, Plaintiff "will be properly secured against the risk that Defendant will be less able to satisfy the judgment after disposition of the post-trial motions." Id.

While Defendant admits that party seeking entry of such a stay is usually required to post a bond sufficient to protect the prevailing party's interest in the judgment (*i.e.*, to preserve the status quo), it contends that because its ability to pay is so "plain," a bond is not required.  From this, Defendant requests that this Court -- in its discretion -- enter an unsecured stay pending disposition of its post-judgment motions as its "ability to pay the judgment is plain and its financial future is certain."  In the alternative, Defendant requests that the Court set the amount of bond pursuant to Rule 62(b), conditionally stay the case for 20 days, and grant Defendant leave during that time to obtain a bond in the amount required.

Eleventh Circuit case law surrounding the issues raised in the Defendant's motion is sparse. However, Slip N' Slide Records, Inc. v. TVT Records, LLC, 2007 WL 1489810, *2-4 (S.D. Fla. May 18, 2007) and Continental Cas. Co. v. First Financial Employee Leasing, 2010 WL 5421337, *1 (M.D. Fla. Dec. 27, 2010), decisions issued by two (2) federal courts within the Eleventh Circuit, prove instructive.  At the outset, the Court is not inclined, in its discretion, to allow for an unsecured stay.  Despite Defendant's representations, the Court is not satisfied that Plaintiff's interest in the judgment will be adequately protected absent a bond.  Rather, the

Court finds that under the circumstances, the appropriate course of action is for the undersigned to fix the amount of bond, and issue a *conditional* stay pending Defendant's posting of a supersedeas bond sufficient to protect Plaintiff's interest in the judgment.

Accordingly, it is **ORDERED** that the Defendant's Motion for Entry of a Stay (Doc. 381) is **CONDITIONALLY GRANTED** as follows: 1) execution of the judgment is **STAYED** pending further order from this Court; and 2) Defendant shall, **within 20 days from the date of this Order, POST BOND sufficient to secure payment of the net amount of the judgment plus post-judgment interest.** In the event Defendant fails to comply with this Order, the stay shall be lifted without further notice. See, e.g., Continental Cas. Co., 2010 WL 5421337, *2.

**DONE** and **ORDERED** this the **17th** day of **January 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**